An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BARBARA NEMECEK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62658

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of embezzlement. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Barbara Nemecek contends that the district court abused its discretion in its determination of the restitution award by imposing an amount greater than she agreed to based on "no substantial evidence." We agree with Nemecek's claim that the district court imposed an amount not supported by substantial evidence.

A review of the arraignment transcript and plea agreement memorandum reveals that Nemecek admitted to embezzling $53,958.35 and agreed to pay restitution in that amount. The plea agreement memorandum also stated that Nemecek agreed to "make full restitution in this matter, as determined by the Court." The presentence investigation report prepared by the Division of Parole and Probation indicated, based on information provided by the victim, that the agreed-upon restitution amount only covered 17 months whereas the embezzling, as charged in the criminal information, occurred over more than a four-year period. Based

13 - 21415

on numbers provided by the victim, the Division recommended that Nemecek pay $125,230.35 in restitution.

At the sentencing hearing, Nemecek objected to the restitution request and asked that the State "be required to prove it as opposed to [the district court] just taking their word for it." Nemecek also challenged the manner in which the requested restitution amount was calculated, arguing that the victim was "double counting the money." The victim testified at the sentencing hearing that he "went back as far as four years" and determined that Nemecek embezzled over $200,000 from his company, but no documentation was provided by the victim or the State to support the claim. When asked by defense counsel if he supplied the numbers and information to the investigating officers while the case was pending, the victim replied:

> Yes, we did turn in, I think he said he had a record of up to hundred something thousand, but could only find [$]53,000 in the documents we gave him. He couldn't find the other in the documents we gave him. They are somewhere. We could probably come up with them if we tried hard enough.

We conclude that the district court abused its discretion by imposing restitution in the amount of $125,230.35. *See Igbinovia v. State*, 111 Nev. 699, 707, 895 P.2d 1304, 1309 (1995) (the district court's imposition of a condition of probation is reviewed for an abuse of discretion); *see also Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." (internal quotations omitted)). The State failed to provide substantial evidence or a sufficient factual basis to support the amount awarded in

excess of the agreed-upon figure of $53,958.35; therefore, we vacate the restitution award and remand the matter to the district court with instructions to conduct a restitution hearing. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Scott N. Freeman, District Judge
David Kalo Neidert
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk